IN THE SUPREME COURT OF THE STATE OF DELAWARE

DAMIAN THOMAS,                        §
                                      §    No. 392, 2021
        Defendant Below,              §
        Appellant,                    §    Court Below—Superior Court
                                      §    of the State of Delaware
        v.                            §
                                      §    Cr. ID No: N1505012411(N)
STATE OF DELAWARE,                    §
                                      §
        Appellees.                    §

Submitted:  September 14, 2022
Decided:    September 29, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR,** Justices.

## **ORDER**

This 29th day of September, 2022, after consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Damien Thomas was convicted of murder in the first degree and related firearm charges in 2017 and sentenced to life in prison plus twenty years. In 2018, Thomas moved for postconviction relief and an evidentiary hearing under Superior Court Criminal Rule 61. The Superior Court denied Thomas's motion, and Thomas has appealed to this Court.

(2)     Thomas asserts four claims on appeal, all of which are centered upon the apparently false testimony of one prosecution witness, Monique Pruden, who told police—and then testified at trial—that she had witnessed Thomas's shooting

of his victim, DeShannon Reid. During cross-examination, defense counsel thoroughly discredited Pruden's testimony by showing that—despite her protestations to the contrary—she was incarcerated in a Department of Correction facility on the day of the shooting.

(3) In his first two claims, Thomas contends that the use of Pruden's perjured testimony and the prosecution's references to it during closing argument violated his due process rights.[1] Thomas also contends that the State's failure to disclose information under its control regarding Pruden's custodial status on the date of the murder violated his rights under *Brady v. Maryland*.[2] And finally, Thomas claims that the Superior Court erred by denying his request for an evidentiary hearing. But Thomas did not assert his substantive claims—that is, the claims other than the evidentiary-hearing claim—in the proceedings leading to the judgment of conviction. Thus, those claims are procedurally barred under Rule 61(i)(3) unless Thomas can show "cause" for relief from his procedural default and "prejudice" from the violation of his rights.[3]

(4) Thomas cannot show cause for his default because he knew, during trial and his direct appeal, that Pruden's testimony was—to put it charitably—suspect.

---

[1] The Superior Court denied these claims as procedurally barred under Rule 61(i)(3) because Thomas could have, but did not, raise them in the proceedings leading to the judgment of conviction.

[2] 373 U.S. 83 (1963). The Superior Court denied this claim as moot.

[3] *See* Del. Super. Ct. Crim. R. 61(i)(3).

In fact, in closing argument, Thomas's counsel suggested that the defense had proved conclusively that Pruden's testimony was false because she was "in jail" on the date in question.[4] Yet he did not request any specific relief from the trial court, nor did he raise his due-process arguments on direct appeal. Thomas does not offer a persuasive excuse—or "cause"—for this default.

(5) Nor can Thomas show that he suffered prejudice as the result of the prosecution's use of Pruden's testimony. Had Pruden been the only—or the most critical—prosecution witness, Thomas might have a point. But there was ample proof of Thomas's guilt independent of Pruden's problematic testimony. Under the circumstances, it is not substantially likely that the outcome of Thomas's trial would have been different had the jury not been exposed to Pruden's testimony. Our review of the record persuades us that, given the evidence adduced by defense counsel during trial showing that Pruden was incarcerated on the day of shooting, the jury almost certainly disregarded Pruden's testimony altogether and based its verdict on the testimony of the other, more compelling witnesses.

(6) For these reasons, the Superior Court was correct in concluding that Thomas's claims related to the prosecution's use of Pruden's testimony are procedurally barred under Rule 61(i)(3). Likewise, the court did not err by denying Thomas's *Brady* claim, based as it is on the prosecution's failure to disclose

---

[4] Trial Tr. 72–73, Sept. 19, 2017.

information (Pruden's custodial status) of which Thomas was aware during his trial and direct appeal. We also find no abuse of discretion in the Superior Court's denial of Thomas's request for an evidentiary hearing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

4